## Ray, County Clerk of Jefferson County v. Kirby.

(Decided June 18, 1915.)

Appeal from Jefferson Circuit Court
(Chancery Branch).

Elections—Primary Elections—County in Which Nomination Papers Must Be Filed.—Under subsection 7 of Section 1550 of the Kentucky Statutes, the nomination papers of all candidates, including circuit judges, to be voted for by the electors of one county, or any part thereof, except members of Congress, must be filed with the county clerk of the county. Nomination papers of members of Congress, as well as of all officers to be voted for by electors of more than one county must be filed with the Secretary of State.

A. SCOTT BULLITT for appellant.

HUMPHREY, MIDDLETON & HUMPHREY for appellee.

Opinion of the Court by Judge Carroll—Affirming.

The only question presented by this record is whether the nomination papers of a candidate for judge of the Jefferson Circuit Court in a primary election shall be filed in the office of the County Clerk of Jefferson County or in the office of the Secretary of State. The solution of this question depends on the proper construction of so much of sub-section 7 of section 1550

of the Kentucky Statutes as is pertinent to the matter in hand. This sub-section reads:

"For all offices to be voted for by the electors of one county or of a city, district or sub-division therein, except members of Congress, said nomination papers shall be filed with the county clerk of such county, at least thirty days prior to the holding of the primary election. For State officers, members of Congress, and for all officers to be voted for by the electors of more than one county, said nomination paper shall be filed with the Secretary of State, at least forty days before the holding of the primary election."

The judges of the Jefferson Circuit Court are elected by the voters of one county, to-wit: Jefferson County, and the first sentence of sub-section 7 expressly directs that the nomination papers for all offices to be voted for by the electors of one county or of a city, district or sub-division therein, excepting members of Congress, shall be filed with the county clerk of said county. So that if we should look alone to this sentence of the section, it is clear that the nomination papers must be filed with the County Clerk of Jefferson County, because this sentence applies to all officers except members of Congress that are elected by the voters in one county, or in any city, district or sub-division therein.

Some doubt, however, appears to have been created as to whether the words "for all offices" in the first sentence applies to judges of the circuit court, growing out of the fact that the next sentence provides that the nomination papers "for State officers" shall be filed with the Secretary of State. And so if the circuit judges are State officers, the suggestion is made that the second sentence may control the place where nomination papers are to be filed, and therefore the papers in this case should be filed with the Secretary of State.

We do not, however, think it necessary to determine whether circuit judges within the meaning of this statute are, or are not, State officers, because the sentence in which the words "State officers" is used applies only to State officers who are to be voted for by the electors of more than one county. If the officer is to be voted for by the electors of only one county, then, excepting members of Congress, the nomination papers must be filed with the County Clerk of that county, and this is true although the office for which he is a candidate may be a State or district office. The only exception to this

rule is members of Congress, and the nomination papers of candidates for Congress must be filed with the Secretary of State whether the candidate is to be voted for by the electors of one county or by the electors of more than one county. Therefore, including members of Congress, the nomination papers of all officers to be voted for by the electors of more than one county must be filed with the Secretary of State.

The judgment of the lower court holding that the nomination papers should be filed with the clerk of the Jefferson County Court is affirmed.